Index No. 2007/3319 6/8/07

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF DUTCHESS

PAMELA KERKER,

               Plaintiff,

- Against -

NATIONAL RAILROAD PASSENGER CORP. - AMTRAK

               Defendant

RECEIVED JUN 9 2007

## SUMMONS AND COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
69-12 Austin Street
Forest Hills, New York 11375
(718) 263-9591

TO: NATIONAL RAILROAD PASSENGER CORPORATION- AMTRAK
    60 Massachusetts Avenue NE
    Washington, DC 20002

    NATIONAL RAILROAD PASSENGER CORPORATION
    525 East Street
    Rensselaer, NY 12144

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------------------X
PAMELA KERKER,

                        Plaintiff,

        - Against -

NATIONAL RAILROAD PASSENGER CORP.-
AMTRAK

                        Defendant
-----------------------------------------------------------------X

Index No.: 2007/3319

**SUMMONS** 6/8/07

Plaintiff designates Dutchess
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
P.O. Box 423
Rhinebeck, NY 12572

County of Dutchess

**To the above named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      FOREST HILLS, NY
               June 1, 2007

_____
HELEN DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
**Pamela Kerker**
69-12 Austin Street
Forest Hills, NY 11375
(718) 263-9591
Our File No 27-E0001

TO:   NATIONAL RAILROAD PASSENGER CORPORATION- AMTRAK
      60 Massachusetts Avenue NE
      Washington, DC 20002

      NATIONAL RAILROAD PASSENGER CORPORATION
      525 East Street
      Rensselaer, NY 12144

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------------X
PAMELA KERKER,

    Index No.: 2007/3319

        Plaintiff,

    **VERIFIED COMPLAINT** 6/8/07

  - Against -

NATIONAL RAILROAD PASSENGER CORP.-
AMTRAK

        Defendant.

-------------------------------------------------------------------X

    Plaintiff, by her attorneys, **HELEN F. DALTON & ASSOCIATES, P.C.**, complaining of the Defendant, respectfully allege, upon information and belief, as follows:

    1.    That at all times herein mentioned, Plaintiff, **PAMELA KERKER**, was, and still is a resident of the County of Dutchess, State of New York.

    2.    That this action falls within one or more of the exceptions as set forth in CPLR §1602.

    3.    That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    4.    That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** was and still is a foreign corporation duly authorized to do business in the State of New York.

    5.    That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** maintained a principal place of business in the County of New York, City and State of New York.

6. That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** was, and still is, a resident of the State of New York.

7. That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** owned the railroad, rail carriage, railroad station and its premises, appurtenances and fixtures thereto, located at Rhinecliff Station, in the County of Dutchess, State of New York.

8 That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** owned the railroad, the Rhinecliff Station, and its platform which is used by the public in embarking and disembarking from the carriage.

9. That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** managed the aforesaid railroad, platform, rail carriages and its appurtenances and fixtures

10. That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** controlled the aforesaid railroad, platform, rail carriages and its appurtenances and fixtures.

11. That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** maintained the aforesaid railroad, platform, rail carriages and its appurtenances and fixtures.

12. That at all times herein mentioned, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION – AMTRAK,** repaired the aforesaid railroad, platform, rail carriages and the railway station.

13. On June 29, 2006, Plaintiff, **PAMELA KERKER,** was lawfully on the aforesaid railway station platform.

14. On June 29, 2006 Plaintiff, **PAMELA KERKER,** was lawfully on the aforesaid rail road station platform with the knowledge, permission and consent of the owner or owners.

15. On June 29, 2006, while Plaintiff, **PAMELA KERKER,** was lawfully about the aforesaid railway station, she was caused to trip and/or slip and fall while disembarking from the carriage on a stool, which is used for the passengers to descend from the carriage on to ground surface. As a result of uneven and deteriorated condition of the platform, she tripped and fell, and sustained serious and permanent injuries.

16. The above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant and/or said Defendant's servants, agents, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid rail road platform.

17. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

18. That as a result of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries Plaintiff was caused, and will continue to be caused, to incur expenses for medical care and attention; and Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss there from.

19. That as a result of the foregoing, Plaintiff was damaged in an amount, which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this action.

WHEREFORE, Plaintiff, **PAMELA KERKER,** demands judgment against the Defendant, in an amount as this honorable Court may deem just, proper and appropriate

under the circumstances, together with the costs and disbursements of this action.

Dated:     FOREST HILLS, NY
           June 1, 2007

*Helen Dalton*

HELEN DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
**Pamela Kerker**
69-12 Austin Street
Forest Hills, NY 11375
(718) 263-9591
Our File No 27-E0001


TO:    NATIONAL RAILROAD PASSENGER CORPORATION- AMTRAK
       60 Massachusetts Avenue NE
       Washington, DC 20002

       NATIONAL RAILROAD PASSENGER CORPORATION
       525 East Street
       Rensselaer, NY 12144

## ATTORNEY'S VERIFICATION

HELEN F. DALTON, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at HELEN F. DALTON & ASSOCIATES, P.C., attorneys of record for Plaintiff, **Pamela Kerker**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the plaintiff maintain their offices.

DATED:   Forest Hills, NY
         June 1, 2007

_____
Helen F. Dalton