UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PAMELA KERKER,

       Plaintiff,

       -against-

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

       Defendant.
-------------------------------------------------------X

**ANSWER**

07 CV 6283 (J. BRIEANT)

    Defendant National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

    FIRST: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

    SECOND: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "2" of the Complaint.

    THIRD: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "3" of the Complaint.

    FOURTH: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "4" of the Complaint.

    FIFTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "5" of the Complaint.

    SIXTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "6" of the Complaint.

SEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint, except admits Amtrak owned the Rhinecliff Station, in the County of Dutchess, State of New York.

EIGHTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint, except admits Amtrak owned the Rhinecliff Station.

NINTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

TENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "10" of the Complaint.

ELEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

TWELFTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

THIRTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

FOURTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

FIFTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "15" of the Complaint.

SIXTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "16" of the Complaint.

SEVENTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "17" of the Complaint.

EIGHTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "18" of the Complaint.

NINETEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "19" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

TWENTIETH: Any injuries suffered by plaintiff were caused solely by her own negligence and not by any negligence of the defendant Amtrak.

### SECOND AFFIRMATIVE DEFENSE

TWENTY-FIRST: Any injuries suffered by plaintiff were caused, in part, by her own negligence, and any recovery by plaintiff must be diminished in proportion to that part of her injuries attributable to her own negligence.

### THIRD AFFIRMATIVE DEFENSE

TWENTY-SECOND: Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant Amtrak or any individual acting under its direction or control.

### FOURTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: If plaintiff has sustained any damages in this matter, which defendant Amtrak denies, then defendant Amtrak's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Plaintiff failed to mitigate or otherwise act to lessen or reduce the

damages alleged in the Complaint.

**WHEREFORE**, defendant Amtrak demands judgment dismissing the Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
       July 16, 2007

                            Respectfully submitted,

                            LANDMAN CORSI BALLAINE & FORD P.C.

By: _/s/ Mark S. Landman_
                            Mark S. Landman (ML 7654)
                            Attorneys for Defendant Amtrak
                            120 Broadway, 27th Floor
                            New York, New York  10271-0079
                            (212) 238-4800

TO:    HELEN F. DALTON & ASSOCIATES, P.C.
          Attorneys for Plaintiff
          69-12 Austin Street
          Forest Hills, New York 11375
          (718) 263-9591

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

**Miriam Deikun**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

That on the 16th day of July, 2007, deponent served the within **ANSWER**

upon

    HELEN F. DALTON & ASSOCIATES, P.C.
    Attorneys for Plaintiff
    69-12 Austin Street
    Forest Hills, New York 11375
    (718) 263-9591

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
MIRIAM DEIKUN

Sworn to before me this
16th day of July, 2007

_____
Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010