UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAMELA KERKER,

                    Plaintiffs,

     - Against -

NATIONAL RAILROAD PASSENGER CORP. -
AMTRAK

                    Defendants.
------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Index No.: 07 CV 6283

**PLEASE TAKE NOTICE**, that Plaintiff, PAMELA KERKER, by her attorneys **HELEN F. DALTON & ASSOCIATES, P.C.**, hereby requests response to these interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure, for the following information to be answered under oath by October 1, 2007:

### Instructions

A. All information is to be divulged which is in the possession of defendant, its attorneys, investigators, agents employees or any other person or entity acting on behalf of defendant or its attorneys.

B. These interrogatories are intended as continuing interrogatories, requiring you to answer by supplemental answer, setting forth any information within the scope of the interrogatories as may be acquired by you, your agent, attorneys or representatives supplementing the original answers, or as otherwise required by Rule 26 or the Federal Rules of Civil Procedure. Such supplemental responses are to be filed and served upon the defendant within 15 days after the receipt of such

9

information.

C. Where the terms "incident" or "accident" are used, they refer to the event or events which form the basis of this lawsuit.

D. Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

E. Communication: the term "communication" means the transmittal of information (in the form of facts, ides, inquiries or otherwise).

F. Document: the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rules of Civil Procedure 34(a). a draft of non-identical copy is a separate document within the meaning of this term.

G. Identify (With Respect to Persons): When referring to a person. "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

H. Identify (With Respect to Documents): When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter: (iii) date of the employment; and (iv) author(S), addressee(S) and recipient(s).

I. Parties: the term "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

J. Person: the term "person" is defined as any natural person or any business, legal or governmental entity or association.

K. Concerning" the term "concerning" means relating to, referring to, describing, evidencing or constituting.

L. The following rules of construction apply to all discovery requests:

  a. All/Each: the terms "all" and "each" shall be construed as all and each.

  b. And/Or: the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  c. Number: the use of the singular form of any word includes the plural and vice versa.

### Specifications

1. Provide a list of each and every act on the part of plaintiff, each and every omission to act on the part of plaintiff, and each and every risk assumed by plaintiff, and each and every act constituting plaintiff's alleged culpable conduct, which you contend were the cause of plaintiff's injuries and loss of wages.

2. Provide a list of each and every act constituting due care on the part of plaintiff which it is alleged plaintiff was required to use for plaintiff's own safety, and in what respects the alleged failure caused or contributed to these injuries and damages

3. Identify any person, whether a witness to the accident or not, who has any knowledge of relevant facts concerning the accident or concerning the nature character, and extent of the injuries, disabilities, damages, losses and expenses sustained by plaintiff as a result of the accident for which claim is being made in this action.

4. Identify any maps, photographs, diagrams, statements or other written

documents or memoranda purporting to depict or contain facts pertaining to the accident.

5. Identify any investigations, tests or inspections pertaining to the facts or causes of the accident in questions. (This interrogatory is intended to include any investigations, tests or inspections initiated or undertaken by you or your attorneys.)

6. Identify any statement, in any form, taken from any person having knowledge of any facts regarding the cause of or circumstances surrounding the accident in question. List the names, addresses, official titles, if any, and other identification of all witnesses who you contemplate will be called upon to testify in support of your claim in this action and with respect to each witness, the nature and substance of the testimony expected to be given and state the relationship, if any, of the witness to the defendant.

7. Identify any expert, or any person, who is or professes to be skilled in any particular field of science, been consulted or contracted, orally or in writing, by you or anyone acting on behalf of you or your attorneys, concerning any liability, medical or other issue arising out of the accident in question, and for each such person, state the substance of the facts and opinions to which each person is expected to testify, along with a detailed summary of the grounds of each opinion.

Dated:    FOREST HILLS, NY
          August 30, 2007

Respectfully submitted,

ROMAN AVSHALUMOV, ESQ.
(RA 5508)
Helen F. Dalton and Assoc. P.C.
6912 Austin Street
Forest Hills, New York 11375
(718) 263.9591
Our File No. 27-E001
Our File No. 27-E001

12

TO:  Landman, Corsi, Ballaine & Ford, PC (NY, NY)
     Attorneys for Defendant(s)
      NATIONAL RAILROAD PASSENGER CORPORATION - AMTRAK
     120 Broadway
     NY, NY 10271-0079
     (212) 238-4800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAMELA KERKER,

                          Plaintiffs,

     - Against -

NATIONAL RAILROAD PASSENGER CORP. -
AMTRAK

                         Defendants.
-----------------------------------------------------------------X

**PLAINTIFF'S DEMAND**

Index No.: 07 CV 6283

S I RS:

**PLEASE TAKE NOTICE**, that Plaintiff, PAMELA KERKER, by her attorneys **HELEN F. DALTON & ASSOCIATES, P.C.**, hereby makes the following demands upon you, pursuant to Rule 34 of the Federal Rules of Civil Procedure, for the following documents or categories of documents in the Defendant's possession, custody or control to be produced at the Law Office of Helen F. Dalton and Associates P.C., 6912 Austin Street, Forest Hills, New York 11375 on October 1, 2007:

<u>**Instructions**</u>

A. This notice is intended to cover all documents in possession of plaintiff, its agents and its representatives or which are subject to the custody and control of the plaintiff, its representatives or agents.

B. Where the terms "incident" or "accident" are used, they refer to the event or events which form the basis of this lawsuit.

C. If defendant is able to produce only a portion of the requested documents at the specified time, plaintiff requests that such production be made and that defendant provide plaintiff in writing with the: (1) the reason for the defendant's

failure to produce all the requested documents, (2) a listing of documents or categories of documents which have not been produced, and (3) the earliest date that defendant can complete the remaining production.

D. Communication: the term "communication" means the transmittal of information (in the form of facts, ides, inquiries or otherwise).

E. Document: the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rules of Civil Procedure 34(a). a draft of non-identical copy is a separate document within the meaning of this term.

F. Identify (With Respect to Persons): When referring to a person. "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

G. Identify (With Respect to Documents): When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter: (iii) date of the employment; and (iv) author(S), addressee(S) and recipient(s).

H. Parties: the term "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

I. Person: the term "person" is defined as any natural person or any business,

legal or governmental entity or association.

J. Concerning" the term "concerning" means relating to, referring to, describing, evidencing or constituting.

K. The following rules of construction apply to all discovery requests:

    a. All/Each: the terms "all" and "each" shall be construed as all and each.

    b. And/Or: the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    c. Number: the use of the singular form of any word includes the plural and vice versa.

## Specification.

1. Identify Names and Addresses of all Witnesses

    a. Set forth in writing and under oath the names and addresses of each person claimed by any party you represent to be a witness to any of the following:

        (a) The occurrence alleged in the complaint;

        (b) Any acts or conditions which have been alleged as causing the occurrence alleged in the complaint;

        (c) The names and addresses of any witnesses to the acts or conditions substantiating the alleged affirmative defenses plead in your answer; and

        (d) The names and addresses of any individuals who commenced legal action for injuries sustained as a result of the occurrence complained of in the instant action.

>If no such witnesses are known to any party you represent, so state in the sworn reply to this demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.
>
>**PLEASE TAKE FURTHER NOTICE**, that if any party you represent or its representatives, obtain names and addresses of persons who witnessed the occurrence alleged in the complaint or the acts, notice or conditions substantiating the alleged affirmative defenses or have first hand knowledge of such facts subsequent to the service of this notice, this information is to be furnished to the Plaintiff(s), whenever obtained. The Plaintiff(s) will object at the time of trial to the testimony of any persons not so identified.

2. Produce for the Discovery and Inspection of any statement of a party represented by the undersigned;

    >**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands upon behalf of the Plaintiff(s) in this action that you produce at the time and place above specified and permit the undersigned to discover, inspect and copy each and every statement made or taken by each party and his, her, or its agents, servants or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if any such statement in any matter bears on the issues in this action. If no such statement(s) is(are) in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

3. Demand for Insurance Coverage Information;

    >**PLEASE TAKE FURTHER NOTICE**, that any party you represent is required to serve upon the undersigned at the time and place specified above the declaration and coverage pages of any and all contracts of

4

insurance and insurance policies, including the primary insurance policy of any party you represent, as well as reinsurance and/or excess liability, "umbrella," or "catastrophe" policies of any party you represent, existing on **June 29, 2006** giving the name and addresses of each insurance carrier, the policy numbers thereof, the dates of coverage and/or policy periods, and the amounts of such and each policy coverage.

If, after investigation, no such reinsurance, excess liability, "umbrella," or "catastrophe" policies are found to exist, so state in a sworn reply to this demand.

4. Demand for Photographs, Slides, Audio tapes, Video tapes and Motion pictures;

**PLEASE TAKE FURTHER NOTICE**, that undersigned demands on behalf of the Plaintiff(s) that you produce at the time and place above specified and permit the undersigned to discover, inspect, photograph and copy each and every photograph, audio tapes, slides, videotapes or motion pictures in defendant's custody, possession or control depicting the following:

(a) The location where it is alleged that the occurrence complained of took place;

(b) The condition complained of in the complaint;

(c) The train from which the plaintiff was disembarking, platform and/or stool which allegedly caused the plaintiff to slip/trip and fall;

(d) The Plaintiff(s);

(e) Any actions or activities of the Plaintiff(s);

(f) The injuries sustained by the Plaintiff(s);

If no such photographs, slides, video or motion pictures are in the

5

possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

5. Demand for any Accident and/or Police Reports;

   **PLEASE TAKE FURTHER NOTICE**, that the undersigned demands upon behalf of the Plaintiff(s) in this action that you produce at the time and place above specified and permit the undersigned to discover, inspect and copy each and every written report of the occurrence which is the subject matter of this action, prepared in the regular course of business operations or practices of any party you represent, or persons or firms acting on behalf of any party you represent.

   If no such report is in existence, so state in the sworn reply to this demand.

6. Demand for documents regarding inspection, maintenance and/or repair of condition;

   **PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy each and every record of inspection, maintenance, request for repair and repair at the area of the condition(s) complained of in the complaint during the two (2) year period prior to and including the date of the occurrence within including, but not limited to, written requests, authorizations, permits, permit applications, work orders, cut forms, contracts, logs, log books, letters, charts, maps, diagrams and/or repair orders.

7. Demand for vehicle maintenance and repair records;

   **PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place

specified, and permit the undersigned to discover, inspect, and photocopy each and every record of inspection, maintenance and repair of the Rhinecliff Railroad Platform, stairs of the train car and stool involved in the occurrence for a period of one year prior to the date of the occurrence.

9. Demand for Expert Witness Information.

**PLEASE TAKE NOTICE**, that the undersigned hereby requests pursuant to Federal Rules of Civil Procedure, Rule 26(b) that you produce, at the Law Offices of **HELEN F. DALTON & ASSOCIATES, P.C.**, 69-12 Austin Street, Forest Hills, NY 11375, the following information:

(a) Identity of each person the party upon whom this request is served expects to call as an expert witness at the trial of this action.

(b) The subject matter in reasonable detail upon which each expert named above is expected to testify at the trial of this action.

(c) The substance of the facts and opinions upon which each expert named above is expected to testify at the trial of this action.

(d) The complete qualifications of each expert named above.

(e) A summary of the grounds for the opinion of each expert named above.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply, a motion will be made for an Order to Strike your Answer, with costs.

Dated:  FOREST HILLS, NY
August 30, 2007

Respectfully submitted

_____
ROMAN AVSHALUMOV, ESQ.
(RA 5508)
Helen F. Dalton and Assoc. P.C.
6912 Austin Street
Forest Hills, New York 11375
(718) 263.9591
Our File No. 27-E001

TO: Landman, Corsi, Ballaine & Ford, PC (NY, NY)
Attorneys for Defendant(s)
NATIONAL RAILROAD PASSENGER CORPORATION - AMTRAK
120 Broadway
NY, NY 10271-0079
(212) 238-4800

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Index No.: 07 CV 6283

PAMELA KERKER,

                Plaintiffs,

    - Against -

NATIONAL RAILROAD PASSENGER CORP. - AMTRAK

                Defendants.

```
           Plaintiff's First Set of Interrogatories
                    Plaintiff's Demands
```

```
        HELEN F. DALTON & ASSOCIATES, P.C.
                Attorneys for Plaintiff(s)
                    69-12 Austin Street
                Forest Hills, New York 11375
                       (718) 263-9591
```

```
To:
LANDMAN, CORSI, BALLAINE & FORD, PC (NY, NY)
ATTORNEYS FOR DEFENDANT(S)
NATIONAL RAILROAD PASSENGER CORPORATION - AMTRAK
120 BROADWAY
NY, NY 10271-0079
(212) 238-4800
```