UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PAMELA KERKER,

                    Plaintiffs,

           - Against -

NATIONAL RAILROAD PASSENGER CORP. -
AMTRAK

               Defendants.
-----------------------------------------------------------------------X

NOTICE of MOTION FOR
LEAVE TO FILE LATE
NOTICE OF CLAIM

Index No.: 07 CV 6283
(C.L.B.)

Jury Demanded

        PLEASE TAKE NOTICE, that upon the annexed affirmation of Roman Avshalumov, Esq., duly affirmed on the 26th day of September, 2007, together with the Memorandum of Law and Exhibits annexed thereto, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move this Court, located at 300 Quarropas Street, Room 275, White Plains, New York, 10601, Judge Charles L. Brieant, on November 2, 2007 at 10:00 AM, or as soon thereafter as counsel can be heard, for an Order, pursuant to N.Y. Gen. Mun. Law §50-e(5), for a leave to serve a late notice of claim OR deeming the notice of claim previously served timely, on Defendant National Railroad Passenger Corp. – Amtrak and for such other and further relief as to this Court deems just and proper.

        PLEASE TAKE FURTHER NOTICE, that opposition papers, if any, are to be served upon the undersigned on or before October 16, 2007.

Dated: Forest Hills, New York
       September 26, 2007

                    Yours, etc.

                    Roman Avshalumov, Esq. (RA 5508)
                    Helen F. Dalton & Associates, P.C.
                    69-12 Austin Street
                    Forest Hills, NY 11375
                    Our File No. 03-B069

TO:

Landman, Corsi, Ballaine & Ford, PC (NY, NY)
Attorneys for Defendant(s)
NATIONAL RAILROAD PASSENGER CORPORATION - AMTRAK
120 Broadway
NY, NY 10271-0079
(212) 238-4800

United States District Court
Southern District of New York
Honorable Judge Charles L. Brieant
300 Quarropas St., Room 275
White Plains, NY 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PAMELA KERKER,                                    **Memorandum of Law**

                              Plaintiffs,

                                                  Index No : 07 CV 6283

        - Against -

NATIONAL RAILROAD PASSENGER CORP. -
AMTRAK

                              Defendants.
----------------------------------------------------------------------X

        Roman Avshalumov, Esq., an attorney and counselor at law, duly admitted
to practice law before this Courts, and a member with Helen F. Dalton &
Associates, P.C., attorneys for plaintiff herein, affirms the following to be true under
the penalties of perjury:

        1.    Your affirmant, fully familiar with the facts and circumstances
surrounding the within issues, submits this affirmation in support of the within
application for an Order, pursuant to N.Y. General Municipal Law §50-e (5), for
leave to serve a late notice of claim on Defendant National Railroad Passenger
Corp. – Amtrak OR deem Notice of Claim already served timely, and for such other
and further relief as to this Court deems just and proper.

## TABLE OF CONTENTS

Table of Authorities _____ Page 5

A. Statement of Facts _____ Page 6

B. Procedural History _____ Page 7

C. Argument _____ Page 8

    1. THE STANDARD FOR FILING A LATE NOTICE OF CLAIM __ Page 8

    2. THE CITY ACQUIRED ACTUAL KNOWLEDGE OF THE
    ESSENTIAL FACTS CONSTITUTING THE CLAIM WITHIN
    90 DAYS. _____ Page 9

    3. THE CITY WOULD NOT SUFFER PREJUDICE IF PLAINTIFF
    WERE PERMITTED TO FILE A LATE NOTICE OF CLAIM. ____ Page 10

    4. PLAINTIFF'S FAILURE TO DEMONSTRATE A REASONABLE
    EXCUSE FOR THE FAILURE TO SERVE A TIMELY NOTICE OF
    CLAIM IS NOT FATAL. _____ Page 12

    5. PLAINTIFF's REQUEST FOR GRANTING LEAVE TO SERVE
    LATE NOTICE OF CLAIM OR DEEM NOTICE OF CLAIM ALREADY
    FILED TIMELY SHOULD BE GRANTED _____ Page 12

TABLE OF AUTHORITIES

Case Law

_Thomas Lucas v. City of New York_, 91 A.D.2d 637, 456 N.Y.S.2d 816

(2nd Dept.1982)._____ page 8


_Nieves v. Girimonte_, 309 A.D.2d 753, 765 N.Y.S.2d 64

(2nd Dept. 2003) (emphasis added)._____ page 8


_Speed v. A. Holly Patterson,_ 10 A.D.3d 400, 781 N.Y.S.2d 135 (2004)__ page 10


_Gerzel v. The City of New York,_ 117 A.D.2d 549, 499 N.Y.S.2d 60 (1st Dep't.

1986)._____ pages 10, 12


_Antonik v. New York City Housing Authority_, supra._____ page 11


_Matter of Gorinshek v. The City of Johnstown._ 186 A.D.2d 335, 588 N.Y.S.2d

208, N.Y.A.D. (3rd Dept., 1992) _____ page 11

Statutes

General Municipal Law, §50-e; Notice of Claim, N.Y. Gen. Mun. Law §5

_____pages 8, 9, 13

## A. STATEMENT OF FACTS

1    Plaintiff's full name is Pamela Kerker and her date of birth is June 11 1954.

2.    Ms. Pamela Kerker fell, while stepping down from the Amtrak train onto the stool at the Rhinecliff Railway Station platform on June 29, 2006.

3.    She fell because of the number of circumstances. First, the Conductor who is supposed to help passengers while disembarking from the carriage was not present. Second, the stool that is used for disembarking was improperly placed. Third, the using of the stool as a means of disembarking from the train is a negligent practice.

4.    After the accident, the Conductor came over and suggested to her to go to the Station desk and report the accident,

5.    Plaintiff went to the Station Desk with the assistance of her husband and filled out the Accident Report and submitted it to the Station Desk.

5.    As a result of the fall, Plaintiff received serious injuries to her left shoulder and right ankle.

6.    Plaintiff had rotator cuff surgery on her left shoulder at Kingston Hospital on August 10, 2006.

7.    Plaintiff had a serious injury to her right ankle, which required her to wear a stabilizing boot for a couple of months.

8.    Plaintiff's husband is a witness to the accident. The Conductor of the train saw her sitting on the ground with acute pain in her ankle and she was unable to walk.

## B. PROCEDURAL HISTORY

9.    This is an action to recover damages for personal injuries sustained by plaintiff on or about June 29, 2006 as a result of a trip and fall while disembarking from an Amtrak train at Rhinecliff Station in New York.

10.    Notice of Claim was sent to Defendants National Railroad Passenger Corp. – Amtrak, 60 Massachusets Avenue NE, Washington, DC 20002, on February 20, 2007. (*See* Notice of Claim, Attached hereto as Exhibit A).

11.    Plaintiff commenced this action in the Supreme Court of the State of New York for the County of Dutches on 06/08/07.

12.    Defendants, National Railroad Passenger Corp. – Amtrak, were served with Summons and Complaint on 6/26/07.

13.    Case was removed to the United States District Court for the Southern District of New York due to the ownership of the Defendants, public corporation, by Federal Government. (*See* Notice of Removal, Attached hereto as Exhibit B).

14.    Issue was joined on behalf of Defendants, National Railroad Passenger Corp. – Amtrak, by service of a Verified Answer on or about August 1, 2007.

15.    Initial Scheduling Conference was held on September 21, 2007.

## C. ARGUMENT

### 1. THE STANDARD FOR FILING A LATE NOTICE OF CLAIM

16.    The purpose of Subdivision 5 of §50(e) of the General Municipal Law, is to allow the judiciary to be flexible, to consider all relevant factors, and to exercise considerable judicial discretion in determining whether to permit service of a late notice of claim. *Thomas Lucas v. City of New York*, 91 A.D.2d 637, 456 N.Y.S.2d 816 (2nd Dept. 1982).

17.    The Second Department has identified three factors to consider in determining whether to grant such relief:

(i) Whether the municipality has acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual, or a reasonable time thereafter; and

(ii) Whether the delay in serving a timely Notice of Claim substantially prejudices the municipality's defense on the merits.

(iii) Whether plaintiff has demonstrated a reasonable excuse for the failure to serve a timely Notice of Claim;

**No single factor is dispositive.** *Nieves v. Girimonte*, 309 A.D.2d 753, 765 N.Y.S.2d 64 (2nd Dept. 2003)(emphasis added).

2. THE CITY ACQUIRED ACTUAL KNOWLEDGE OF THE ESSENTIAL FACTS
CONSTITUTING THE CLAIM WITHIN 90 DAYS.

18.     General Municipal Law, Section 50-e provides that the granting of
an application to file a late Notice of Claim is a discretionary matter in which
consideration should be given to whether the public corporation acquired "actual
knowledge of the essential facts constituting the claim" and whether the delay in
serving the Notice of Claim "*substantially* prejudiced" (emphasis added) the
public corporation. *Id.*

19.     Thus, the first issue left open is whether the Defendants were in
possession of the essential facts constituting the claim. It is contended that the
Respondents were in possession of Plaintiff's Accident Report, and, as such,
were in possession of the entirety of the *facts* constituting the claim.

20.     Clearly, by providing the Accident Report to the Station Desk at the
time of the accident, Defendants acquired actual knowledge of the accident and
facts surrounding the same. Additionally, the Conductor who witnessed the
accident and promised to file a report when he would get to the final destination,
Albany, was certainly in possession of the information surrounding the claim.
(See Plaintiff's Affidavit, attached hereto as Exhibit C)

21.     Additionally, Plaintiff served a Notice of Claim merely 8 months
after the accident.

22.     When an accident report is filled out on the defendant's property
where the incident took place and it sets forth the date, time and place of
accident, the manner in which the injury occurred and the nature of injury, it will

be construed that the respondent received actual notice of the incident. *Gerzel v. The City of New York,* 117 A.D.2d 549, 499 N.Y.S.2d 60 (1st Dep't. 1986).

23.    Similarly, in the instant case, Plaintiff immediately went to the Station Desk and filled out a report. As such, Defendants should be regarded as having acquired actual knowledge of the essential facts of this case within ninety days of the accident.

## 3. THE CITY WOULD NOT SUFFER PREJUDICE IF PLAINTIFF WERE PERMITTED TO FILE A LATE NOTICE OF CLAIM.

24.    Based on the foregoing arguments, and in line with the Second Department's holdings in *Speed v. A. Holly Patterson,* where the court found that Defendants allegations of prejudice were insufficient in light of their possession of the medical records and failure to show what investigation they undertook. 10 A.D.3d 400, 781 N.Y.S.2d 135 (2004),

25.    Similarly, in the instant case, the knowledge of the facts of the claim, by virtue of the Defendant' possession of the Plaintiff's Accident Report and Conductor's knowledge of the accident, clearly denounce any possible claim to prejudice.

26.    Additionally, Defendants never rejected the Notice of Claim as being untimely or otherwise defective. Additionally, Plaintiff was never notified, in writing or otherwise, that Defendants are prejudiced as the result of the late filing.

27.    The accident, upon which this action is based, occurred approximately a year and three months ago.

28.    Additionally, in the *Matter of Gorinshek,* the Court has held that the fact that the petitioner's accident involves a transitory condition which changes over time, it is indicative of the lack of prejudice, rather than prejudice to the Defendants *Matter of Gorinshek v. The City of Johnstown*, 186 A.D.2d 335, 588 N.Y.S.2d 208, N.Y.A.D. (3rd Dept., 1992).

29.    Since the cause of accident in the instant case, was the failure to assist the Plaintiff in disembarking from the train and negligently placing the stool as well as the negligence of employing the stool as a means for disembarking, no prejudice can be claimed.

30.    First, Conductor's failure to supervise or otherwise assist passengers off the train and negligent positioning of the stool is an event that took place on the day of the accident and could be discovered solely through testimony of the parties involved and witnesses.

31.    Secondly, the practice of placing the stool as a means to disembarking from the train is still employed today and could be easily observed and examined today the same way as on the day of the accident.

32.    If the Defendants were served with a Notice of Claim eighty seven (87) days or eighty-eight (88) days following the accident it would be in no better or worse position as it is at the present time. If it had been served with a Notice of Claim thirty (30) days following the accident, forty (40) or fifty (50) days following the accident it would likewise be in no better or worse position. That is the reason that the Court permitted the petitioners to file Late Notice of Claims well after the fact in the *Matter of Gorinshek v. The City of Johnstown*, 186 A.D.2d 335, 588

N.Y.S.2d 208, N.Y.A.D. (3rd Dept., 1992).

## 4. PLAINTIFF'S FAILURE TO DEMONSTRATE A REASONABLE EXCUSE FOR THE FAILURE TO SERVE A TIMELY NOTICE OF CLAIM IS NOT FATAL.

33.    There is no question that this Court has discretion to permit the claimant to serve a Late Notice of Claim under the circumstances such as the case at bar.

34.    Additionally, the presence or absence of an excuse for failing to timely file a Notice of Claim is not fatal to such an application. *Gerzel v. The City of New York,* 117 A.D.2d 549, 499 N.Y.S.2d 60 (1st Dep't. 1986)32.

35.    Since the presence or absence of any one particular factor is not determinative as to whether the Court should exercise its discretion to permit the petitioner to file a Late Notice of Claim, and the fact that Defendants should be deemed to have actual knowledge of the incident, and there is no prejudice to the defendants, the instant motion shall be granted.


## 5. PLAINTIFF's REQUEST FOR GRANTING LEAVE TO SERVE LATE NOTICE OF CLAIM OR DEEM NOTICE OF CLAIM ALREADY FILED TIMELY SHOULD BE GRANTED

36.    Your deponent, therefore, respectfully submits that the plaintiff has set forth many factors which weigh in favor of this Court granting Plaintiff's motion to serve a Late Notice of Claim or deem Notice of Claim already filed timely.

34.    It is respectfully submitted that in balancing between the

12

Defendant's need for prompt notification of all claims and the injured party's right to receive fair and just compensation for injuries arising from this accident, favors the Plaintiff.

35.    Plaintiff will have no other entity against which to bring an action for the pain, and suffering that she has sustained and the extensive loss of earnings that she already sustained and will sustain as a result of this accident by virtue of her now partial disability and loss of service claim if this Court does not grant petitioners leave to serve the Late Notice of Claim.

WHEREFORE, it is respectfully requested that an Order be entered, pursuant to N.Y. Gen. Mun. Law §50-e(5), for leave to serve a late notice of claim OR deeming the notice of claim previously served timely, on Defendant National Railroad Passenger Corp. – Amtrak, and for such other and further relief as to this Court deems just and proper.

DATED:    FOREST HILLS, New York

September 26, 2007

Roman Avshalumov, ESQ. (RA 5508)

## AFFIRMATION OF SERVICE

STATE OF NEW YORK :

            ss.:

COUNTY OF QUEENS:

       **Roman Avshalumov, Esq.,** an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

       I am not a party to the action, am over the age of eighteen (18) years and reside in New York, New York. On September 26, 2007 I served the within

### NOTICE OF MOTION TO FILE LATE NOTICE OF CLAIM
### MEMORANDUM OF LAW

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Landman, Corsi, Ballaine & Ford, PC (NY, NY)
Attorneys for Defendant(s)
NATIONAL RAILROAD PASSENGER CORPORATION - AMTRAK
120 Broadway
NY, NY 10271-0079
(212) 238-4800

United States District Court
Southern District of New York
Honorable Judge Charles L. Brieant
300 Quarropas St., Room 275
White Plains, NY 10601

Dated:    FOREST HILLS, NY
           September 26, 2007

                                              Roman Avshalumov (RA 5508)

EXHIBIT A

**NOTICE OF CLAIM**

-------------------------------------------------------------------------------------X

In the Matter of the Claim of

PAMELA KERKER

- Against -

NATIONAL RAILROAD PASSENGER CORPORATION - AMTRAK

-------------------------------------------------------------------------------------X

TO:    THE NATIONAL RAILROAD PASSENGER CORPORATION - AMTRAK
      60 Massachusetts Avenue NE
      Washington, DC 20002

      **FOR ATTN: CLAIM DEPARTMENT**

      PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and demands against you as follows:

1.    **Name and post office address of each claimant and claimant's attorneys is:**

| **Claimant** | **Attorney** |
|---|---|
| PAMELA KERKER | Helen F. Dalton & Associates, P.C. |
| P.O. Box 423 | 69-12 Austin Street |
| Rhinebeck, NY 12572 | Forest Hills, NY 11375 |
| | (718) 263-9591 |

2.    **Nature of Claim:**  The nature of the claim is for severe and permanent personal injuries sustained by PAMELA KERKER and all other damages allowed by statute and case law as a result of the negligence, carelessness, recklessness and gross negligence of the NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK, its agents, servants, licensees contractors, subcontractors, employees and other affiliates agencies and departments, without any contributory negligence on the part of the claimant.

3.    **The time when, the place where and the manner in which the claim arose:**
The accident arose on June 29, 2006 at approximately 7:35 p.m. at Rhinecliff Railway
Station, in the County of Duchess, State of New York. When claimant, PAMELA KERKER
was disembarking from the railway carriage, she was caused to slip and fall while stepping
down onto the stool at the platform, provided by Rhinecliff Station and be violently
precipitated to the ground as a result of the deteriorated platform and platform area
resulting in severe, personal and permanent injuries to said claimant as a result of the
negligence, carelessness, recklessness and gross negligence of the NATIONAL
RAILROAD PASSENGER CORPORATION - AMTRAK, its agents, servants, licensees
contractors, subcontractors, employees and other affiliates agencies and departments, and
those acting under its direction, behest, permission and control in the ownership, operation,
designing, creating, management, maintenance, contacting, subcontracting, supervision,
authorizing use and control of the platform located at Rhinecliff Station, Rhinecliff, New
York., more particularly, that portion of Rhinecliff Railway Station, in failing to properly
maintain said Railway Station area; in allowing the Railway Station and its area to become
obstructed, cracked, uneven, raised, depressed, deteriorated, and/or in a state of disrepair
and/or improper repair; in failing to inspect said Rhinecliff Railway Station and its area; in
causing, permitting and allowing a trap, hazard and nuisance to be and exist for an
excessive and unreasonable period of time, despite actual and constructive notice; in
failing to take any necessary steps to alleviate said condition; in failing to undertake proper
and/or adequate safety studies and/or surveys; in failing to properly repair said Railway
Station and its area before authorizing its use; or otherwise restrict use of aforesaid area to
prevent a hazard, trap and nuisance from endangering the general public and, more
particularly, claimant herein; of the subject hazard, trap and nuisance; in permitting and
allowing the aforesaid condition to exist on the platform area thereat; in failing to avoid the
aforesaid accident which was foreseeable; and in being otherwise negligent, careless,
reckless and grossly negligent in the premises.

4.     Claimant PAMELA KERKER, sustained severe permanent personal injuries, the full extent of which is not presently known, including but not limited to, upon information and belief, injuries to right ankle and left shoulder.   Claim is for personal injuries, hospital, physician and other medical expenses, pain and suffering, loss of quality and/or enjoyment of life, and all other damages to which claimant is entitled to by case law and statute.

Said claim and demand is hereby presented for adjustment and payment.   You are hereby notified that unless they are adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action in these claims.   Claim is made for personal injuries not to exceed the sum of FIVE MILLION DOLLARS ($5,000,000.00).

Dated:     Forest Hills, NY
           February 1, 2007


                                        _____
                                        PAMELA KERKER

**VERIFICATION**

STATE OF NEW YORK
ss:
COUNTY OF QUEENS

PAMELA KERKER, being duly sworn, deposes and says that deponent is the above-named claimant; deponent has read the foregoing NOTICE OF CLAIM and know its contents; the same is true to deponent's knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

_____
PAMELA KERKER

Sworn to before me this
1 day of February, 2007.

_____
Notary Public

**Helen F. Dalton & Associates, P.C.**
Attorneys for Claimant
PAMELA KERKER
69-12 Austin Street
Forest Hills, NY  11375
(718) 263-9591

# EXHIBIT B

SUPREME COURT OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------------X
PAMELA KERKER,

                    **NOTICE OF REMOVAL**

          Plaintiff,

   - against -                           Index No.: 3319/07

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

                 Defendant.
-------------------------------------------------------------------X

    **PLEASE TAKE NOTICE,** that a Notice for Removal, a copy of which is annexed

hereto, removing the above-captioned action, which is pending in the Supreme Court of the State

of New York, Dutchess County, to the United States District Court for the Southern District of

New York, was filed on July 9, 2007 with the Clerk of said District Court pursuant to the

provisions at Title 28 U.S.C. §§ 1331, 1349 and 1441.

Dated:     New York, New York
           July 10, 2007

                     Yours, etc.,

        By:        _Mark S. Landman_
                  Mark S. Landman (ML 7654)
                  LANDMAN CORSI BALLAINE & FORD P.C.
                  Attorneys for Defendant Amtrak
                  120 Broadway, 27th Floor
                  New York, New York 10271-0079
                  (212) 238-4800

TO:    Helen F. Dalton & Associates, P.C.
       Helen F. Dalton, Esq.
       Attorneys for Plaintiff
       69-12 Austin Street
       Forest Hills, New York 11375
       (718) 263-9591

444248.1 DocsNY

JUDGE BRIEANT

07 CV  6283

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PAMELA KERKER,

                 Plaintiff,

  - against -

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK,

                 Defendant.
-------------------------------------------------------------X

**NOTICE FOR REMOVAL**

JUL 09 2007

U.S.D.N
CASHIERS

       Defendant National Railroad Passenger Corporation ("Amtrak"), through its attorneys, Landman Corsi Ballaine & Ford P.C., respectfully states upon information and belief:

       1.      On June 19, 2007, defendant received the Summons and Verified Complaint in this action which is currently pending in the Supreme Court of the State of New York, Dutchess County. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit A. This constitutes all prior pleadings/orders served upon defendant to date.

       2.      According to the Verified Complaint, on June 29, 2006, plaintiff Pamela Kerker allegedly sustained personal injuries at the premises known as Rhinecliff Station located in Dutchess County, New York.

       3.      Amtrak is removing this action because defendant Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq., and more than one-half its capital stock is owned by the United States. Thus, the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §§ 1331 and 1349 and is one which may be removed to this Court by the defendant therein, pursuant to the provisions of Title 28, U.S.C. § 1441.

       WHEREFORE, defendant Amtrak prays that the action now pending against it in the Supreme Court of the State of New York in and for the County of Dutchess be removed therefrom

to this Court.

Dated:    New York, New York
          July 9, 2007

                    Respectfully submitted,

                    LANDMAN CORSI BALLAINE & FORD P.C.

        By:    _____

                    Mark S. Landman (ML 7654)
                    Attorneys for Defendant Amtrak
                    120 Broadway, 27th Floor
                    New York, New York 10271-0079
                    (212) 238-4800

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

PAMELA KERKER,

                          Plaintiffs,

              - Against -

NATIONAL RAILROAD PASSENGER CORP. -
AMTRAK

                          Defendants.

------------------------------------------------------X

**Affidavit**

Index No : 07 CV 6283

Judge Brieant

Pamela Kerker, being duly sworn does hereby states, under the penalty of perjury, the

following:

1.   That on 06/29/06 at approximately 7:35 PM, I tripped and fell at the

     Rhinecliff Station, while disembarking form an Amtrak train.

2.   That the Conductor, who was supposed to be helping passengers off the train,

     was not immediately present

3.   That the same Conductor told me that I should go to the Station Desk

     immediately and write up an Accident Report.

4    That I went to the Station Desk with the help of my husband and was given an

     Accident Report.

5.   That I filled out the accident report and gave it to the Station Desk.

6    The conductor promised me to fill out an Accident Report when he reached

     his final destination in Albany.

7.   That, when I requested the Accident report from Station Desk at Rhinecliff

     Station, they have informed me that they are not in possession of it.

8.   That I received another copy of the same Accident Report sometime in late

     February, 2007 and filled it out and sent it back to Albany.

*Pamela Kerker*

Pamela Kerker

Sworn to before me this
26th day of Sept. 2007

*Karen Hauptma*
NOTARY PUBLIC

**KAREN HAUPTMAN**
Notary Public, State of New York
No. 01HA5060272
Qualified in Dutchess County
Commission Expires June 18, 20 11

Index No.: 07 CV 6283

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAMELA KERKER,

                    Plaintiffs,

      - Against -

NATIONAL RAILROAD PASSENGER CORP. - AMTRAK

                    Defendants.

---

## NOTICE OF MOTION TO FILE LATE NOTICE OF CLAIM
## MEMORANDUM OF LAW

---

Helen F. Dalton & Associate, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Our file No. 27-E001

---

To:

Landman, Corsi, Ballaine & Ford, PC (NY, NY)
Attorneys for Defendant(s)
 NATIONAL RAILROAD PASSENGER CORPORATION - AMTRAK
120 Broadway
NY, NY 10271-0079
(212) 238-4800

United States District Court
Southern District of New York
Honorable Judge Charles L. Brieant
300 Quarropas St., Room 275
White Plains, NY 10601